IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CITY OF HATTIESBURG, MISSISSIPPI**                                            **PLAINTIFF**

**VERSUS**                                           **CIVIL ACTION NO. 2:11cv55KS-MTP**

**USA YEAST COMPANY, LLC**                                                        **DEFENDANT**


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a Motion to Remand **[#5]** filed on behalf of the defendant, USA Yeast Company, LLC ("USA Yeast").  The court, having reviewed the motion, the response, the pleadings and exhibits on file, the briefs of counsel, the authorities cited and being fully advised in the premises finds that the motion should be addressed as a motion to dismiss for lack of subject matter jurisdiction, and as such, is well taken and should be granted.  The court specifically finds as follows.


**BACKGROUND**

On December 4, 2001, the parties entered into a contract pursuant to which the City receives and treats USA Yeast's industrial wastewater.  On March 9, 2011, the City commenced this action by filing its Complaint in this court seeking a declaration of its rights to void the contract asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The City pled that this action fell within the ambit of the court's diversity jurisdiction relying on public records filed by USA Yeast with the Office of the Mississippi Secretary of State reflecting that USA Yeast was created under the laws of the State of Alabama, and that its principal place of business is located in Dothan, Alabama.

On April 5, 2011, USA Yeast filed its Motion to Remand, requesting this court to "remand this matter to the Chancery Court of Forrest County, Mississippi." USA Yeast contends that its sole and principal place of business has been in Mississippi since the construction of its plant located at 457 J. M. Tatum Industrial Drive in Hattiesburg, Forrest County, Mississippi. USA Yeast also contends that at least one of the members of the LLC, its president, is a Mississippi resident.

## **LAW AND ANALYSIS**

The City attacks USA Yeast's motion to remand asserting that the City brought the action originally in Federal Court and, thus, the motion to remand is procedurally defective. Indeed, as Judge Guirola recognized in *Nichols v. FNIS Flood Services, L.P.*, 2006 WL 2805154, * 1 (S.D. Miss. 2006), "(a) case may be remanded only to the court from which it was removed and the federal district court does not have the authority to remand a case originally brought in federal court." (citing *First National Bank of Pulaski v. Curr*, 301 F.3d 456,467 (6th Cir. 2002) (stating that "while a district court has the discretion to remand a case removed from state court, it may not remand a case that was never removed from state court. . . .")).

However, an attack on the court's jurisdiction to hear and decide any issues in a case must be addressed at any time during the pendency of the litigation that it is asserted or even indeed upon its own motion. *See Williamson v. Tucker*, 645 F. 2d 404 (5th Cir. 1981). It is well settled that Rule 12(b)(1) of the Federal Rules of Civil Procedure is the proper vehicle for challenging jurisdiction. On such a motion, the court may go outside the pleadings and consider additional facts, whether contested or not

-2-

and may even resolve issues of contested facts.

There is no dispute as to the applicable law in this case. The parties agree that it is well-established in this Circuit that both "United States District Courts and Courts of Appeals have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Weckesser v. Zurich Assurance*, 2007 WL 4097588, *1 n. 1 (S.D. Miss. 2007) (citations omitted). Further, the City does not dispute that in *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008), the Fifth Circuit held that for purposes of evaluating the existence of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of each of its members. Thus, the City concedes that if USA Yeast can establish that one of its members is a resident of Mississippi, then this Court lacks subject matter jurisdiction over this action.

In that regard, the City attacks the first affidavit of Michael H. Lavallee, USA Yeast's president, that was submitted by USA Yeast in support of its original motion. In that affidavit, the City contends that Lavallee does not establish that he is in fact a member of the LLC nor that he is a bonafide Mississippi resident. However, on rebuttal, USA Yeast provides a supplemental affidavit of Lavallee that absolutely shows both that he is a member of the LLC and that he has resided in Mississippi for at least five years. USA Yeast argues that the only reason that this information was not set forth more clearly in its initial affidavit is that it considered it beyond contention that such was the case. Nevertheless, what is clear at this point is that this court lacks subject matter jurisdiction and that the case should be dismissed pursuant to Rule 12(b)(1).

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Remand

**[#5]** filed on behalf of USA Yeast is converted to a motion to dismiss and is granted and the Complaint filed by the City of Hattiesburg is dismissed without prejudice.  A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

    SO ORDERED AND ADJUDGED this the 6th day of May, 2011.

                                        *s/Keith Starrett*
                                        UNITED STATES DISTRICT JUDGE